IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INDEPENDENT CONTRACTORS OF MAVERICK TRANSPORTATION, LLC d/b/a Maverick Transportation LLC Ind Cont. and DORIAN WEST,<br><br>Plaintiffs<br><br>v.<br><br>GREAT WEST CASUALTY COMPANY, a Nebraska Corporation,<br><br>Defendant. | Case No. 24-cv-338 |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Great West Casualty Company ("GWCC"), moves pursuant to Federal Rule of Civil Procedure 12(c) for an Order granting GWCC judgment on the pleadings as to Counts III and IV of its Counterclaims against Plaintiff Independent Contractors of Maverick Transportation, LLC ("ICMT") and Plaintiff Dorian West, respectively (together, "Plaintiffs"). See ECF 7, pp. 17-20. The grounds for GWCC's Motion are as follows:

1. Plaintiff West is a former truck driver for Maverick Transportation, LLC ("Maverick") pursuant to an Independent Contractor Operating Agreement ("ICOA") effective March 7, 2021.

2. Under the ICOA, West elected for property damage insurance coverage under Commercial Lines Policy No. ICP00136S issued by GWCC ("the Policy") to an

1

unincorporated association of individuals that were identified as "Independent Contractors of Maverick Transportation, LLC" as the first named insured on the Policy, which identifies a scheduled list of drivers which qualify as named insureds.

3.  The Policy covered certain property damages to equipment being used by Maverick's independent contractors, including, at one time, Plaintiff West.  West was involved in a motor vehicle collision in January 2023 and caused irreparable damages to the truck he leased from Maverick's sister company.  West submitted a claim under the Policy and GWCC paid the claim in full.

4.  Two days before filing the instant action, West's counsel organized ICMT under Missouri law in a frivolous attempt to seek rights under the policy.  The newly created LLC is not an insured under the policy.  Plaintiffs then filed their Petition in Missouri state court claiming ICMT is the first named insured on the Policy.

5.  Plaintiffs' Petition stems from their complete misunderstanding of group policies.  The Policy was provided to all independent contractors that leased tractors from Maverick Leasing, LLC ("Maverick Leasing"), a sister company of Maverick.  The insured is not a non-entity as Plaintiffs contend, but, rather, specifically defined Unincorporated Association of lessees of Maverick's equipment. The coverage was offered to the group of independent contractors, including West, who have similar interest in insuring Maverick's equipment from property damage for which they are responsible for under the leases they executed.

6.  The pleadings are closed.  ECF 7, 13, 14.  GWCC now moves for judgment the pleadings under Rule 12(c) as to Counts III and IV of its counterclaims for

Declaratory Judgment seeking a declaration that ICMT has no rights under the Policy and that GWCC honored all obligations to West by paying the property damage loss after West submitted a claim under the Policy.

7.  Pursuant to Federal Rule of Civil Procedure 7 and Local Rule 4.01, GWCC submits a Memorandum In Support of Its Motion for Judgment on the Pleadings that more fully sets forth its arguments in support of this Motion.

WHEREFORE, GWCC respectfully requests that the Court grant this Motion for Judgment on the Pleadings, enter judgment in GWCC's favor on the claims alleged in Counts III and IV of its Counterclaims (ECF 7), and enter an Order providing for the following:

(1) Declaratory relief finding GWCC Policy No. ICP000136S is valid and enforceable;

(2) Declaratory relief finding GWCC has no contractual or other legal relationship with ICMT, LLC;

(3) Declaring Independent Contractors of Maverick, LLC is not a named insured under GWCC Policy No. ICP000136S or predecessor and later policies issued in the same series;

(4) Declaratory relief stating Plaintiffs have no basis or authority to seek to void the coverage afforded to individuals who are or were independent contractors to Maverick Transportation LLC or to seek to recoup premiums paid by those individuals.

(5) Injunctive relief prohibiting Plaintiff Independent Contractors of Maverick, LLC or its counsel from filing suit against GWCC without leave of court;

(6) Declaratory relief stating GWCC is the prevailing party in this action;

(7) An award it its attorney's fees, costs, and expenses incurred in bringing this counterclaim;

(8) All other relief as the Court deems just and proper.

Dated: April 30, 2024						Respectfully submitted,

							CLYDE & CO US LLP

					By:	/s/ Michael J. Roman
							One of Defendant's Attorneys

Danny L. Worker
Michael J. Roman
CLYDE & CO US LLP
30 S. Wacker Dr., Ste. 2600
Chicago, Illinois 60606
Ph: (312) 635-7000
dan.worker@clydeco.us
michael.roman@clydeco.us

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury that on April 30, 2024, he caused to be served the foregoing document using the Court's CM/ECF system, which will serve copies of the same upon all counsel of record via email.

                                                  /s/ Michael J. Roman