IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Independent Contractors of Maverick Transportation, LLC, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:24-cv-00338-SEP |
| Great West Casualty Company | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM**

COMES NOW Plaintiffs/Counterclaim Defendants, along with their counsel of record, and state the following in response to the Court's show cause order:

Plaintiffs show cause they did not violate Fed. R. Civ. P. 11 through the signature on their pleadings.  This Court should not order Plaintiffs pay the defendant's attorney fees and expenses, because the plain language of Fed. R. Civ. P. 11(b)(2) precludes such an order, and the Court could only enter such an order by abusing her discretion. *See Norsyn, Inc. v. Desai* 351 F.3d.825 at 831. (Although Rule 11 places within the district court's arsenal the ability to award reasonable expenses and attorney fees, that sword may only be wielded upon the request of the opposing party. *See* Fed.R.Civ.P. 11(c)(2) (permitting an award of all or some of attorney fees and costs incurred as a direct result of the violation "*if imposed on motion* and warranted for effective deterrence") (emphasis added); *see also Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.,* 174 F.3d 87, 94 (2d Cir.1999) ("By its terms, [Rule 11] thus precludes a court from awarding attorneys' fees on its own initiative.")).

1

Perhaps the Court should show cause as to why she threatened to order a permanently unemployed and crippled truck driver pay the attorneys' fees of the insurance company who took his premiums, because he filed a petition requesting the Court declare he is entitled to free and open access to a certified copy of a policy with his name on it, and the claims file relating to his injuries, consistent with Missouri law, before the Court read and understood Fed. R. Civ. P. 11.  Or perhaps the Court should show cause as to why she violated L.R. 12.01(A) by allowing an individual who is not licensed to practice law in the U.S. District Court of the Eastern District of Missouri, argue on the record, on behalf of the defendant in this case.  Or perhaps the Court should show cause as to why she is not friends with undersigned counsel, when everyone knows he is a blast to hang out with.

The problem with an appearance is its inherent capacity for deception.  There may be an appearance of impropriety when there is none.  An insurance company may appear to provide coverage when it does not.  A contract may appear to exist when it never did.  There may be the appearance of an entity when there is no entity.  "Maverick Transportation LLC Ind Cont." may appear to be "Maverick Transportation, LLC" when it is a different company.  A payee on a check may appear to exist but does not exist.  If commercial viability were relevant to the existence of a contract, as the defendant has argued, litigants would need to show a lot more than a peppercorn to prove it.

Can the defendant show cause as to why it sent an attorney not of record, unlicensed to practice law before the Court, to represent to the Court the existence of a list of truck drivers which contains the name of Dorian West, a material fact in this case, when the defendant's pleadings disclaim the existence of this list?  The Court need not point this inconsistency out to the defendant, nor enter an order requiring the defendant's counsel to do so.  The Model Rules of Prof'l Conduct 3.3(a)(2)

2

and (c) require the defendant's counsel to correct a false statement of material fact she made to the Court, even if doing so waives her client's privilege.  Presumably this requirement would apply to counsel whether she is admitted to practice law before the Court or not, but the Model Rules of Professional Conduct are silent on that.

Respectfully submitted,

DAN FINNEY LAW

*/s/ Daniel Finney III*

Daniel Finney III (MO Bar No. 57765)

1310 Papin Avenue, Ste 510
St. Louis, Missouri 63103
Phone: (314) 488-0309
Fax: (314) 228-2000
Email: dan@danfinney.law

ATTORNEY FOR
PLAINTIFFS/COUNTERCLAIM
DEFENDANTS

3

4