IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Independent Contractors of Maverick Transportation, LLC, et al. | ) ) ) | |
| Plaintiffs, | ) ) | No. 4:24-cv-00338-SEP |
| v. | ) ) | |
| Great West Casualty Company, | ) ) | |
| Defendant. | ) ) | |

**MOTION OF GREAT WEST CASUALTY COMPANY
FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL**

Defendant, GREAT WEST CASUALTY COMPANY ("GWCC" or "Great West"), by its attorneys, CLYDE & CO. US, LLP, and for its Rule 11 Motion states as follows:

1. This matter is before the Court on Plaintiffs' Petition, originally filed in the Associate Circuit Court for the 21st Judicial Circuit, St. Louis County, Missouri. ECF 4. That petition was signed by Daniel Finney III, as counsel. ECF 4, p. 4 of 4. Plaintiffs are an LLC that Mr. Finney formed two days before the filing of his Petition and its sole member, Dorian West.

2. Defendant timely removed this Case to this Court. ECF 1.

3. Defendant then filed its answer and counter-claim. ECF 7. Plaintiffs' Answer to that Counter-claim is, again, signed by Daniel Finney III, as counsel. ECF 13, at p. 6 of 7.

4. In addition, Plaintiffs' counsel signed his Response to the Court's Order to show cause. ECF 32.

**The Standard Under Rule 11**

5. Rule 11 provides, in pertinent part, that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney … certifies

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

6. Rule 11 of the Federal Rules of Civil Procedure imposes a duty on litigants and their attorneys who sign pertinent pleadings to first conduct "a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017). The standard is an objective one. *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.,* 498 U.S. 533, 554, 111 S. Ct. 922, 934, 112 L. Ed. 2d 1140 (1991). Sanctions under Rule 11 are appropriate in exceptional cases "where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Lee v. Pow Ent., Inc.*, No. 20-55928, 2021 WL 5768462, at *2 (9th Cir. Dec. 6, 2021) (cleaned up). This is just such a case.

7. A federal court also has discretion to impose sanctions pursuant Rule 11(c)(3), as well as under its inherent authority, 28 U.S.C. § 1927. *Backpage.com, LLC v. Schmitt*, No. 4:17-CV-1951 PLC, 2019 WL 2285909, at *4 (E.D. Mo. May 29, 2019) (*citing Duranseau v. Portfolio Recovery Assocs.*, LLC, 644 Fed.Appx. 702, 706 (8th Cir. 2016) (unpublished)). Specifically, the

Court has the inherent power "to supervise and 'discipline attorneys who appear before it' and discretion 'to fashion an appropriate sanction for conduct which abuses the judicial process,' including assessing attorney fees...." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018) (*quoting Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991)).

8. The assessment of an adversary's attorney's fees as a sanction under a court's inherent power requires that the court find the sanctioned person demonstrated bad faith. *Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006) (affirming the district court's *sua sponte* imposition of sanctions against an attorney while remanding for further consideration of the sanctions imposed) (*citing Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67 (1980) ). *See also Ideal Instruments, Inc. v. Rivard Instruments, Inc*., 243 F.R.D. 322, 335 (N.D. Iowa 2007) (*citing Chambers*, 501 U.S. at 45-46).

9. Section 1927 provides that when an attorney has unreasonably and vexatiously multiplied proceedigs, the Court may require that attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under Section 1927 are appropriate when an attorney's conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Wagner v. Gallup, Inc., 788 F.3d 877, 891 (8th Cir. 2015) (internal quotation marks omitted) (quoting Clark v. UPS, Inc., 460 F.3d 1004, 1011 (8th Cir. 2006). "Because section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" *Lee v. L.B. Sales, Inc*., 177 F.3d 714, 718 (8th Cir. 1999) (*quoting Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 (5th Cir. 1994)).

## Mr. Finney's Conduct Violates Rule 11

10. This is one of at least four lawsuits brought by attorney Finney on behalf of Dorian West, and one of two lawsuits brought by Attorney Finney against Great West Casualty Company.

11. Mr. Finney's conduct of these suits, and his extreme and outrageous demands in context of these suits demonstrate the improper purpose to harass, cause unnecessary costs and inconvenience of litigation that is unwarranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law. His actions further demonstrate a blatant disregard for the facts known to him and to his clients. The positions he has endorsed, by his signature are not warranted by the evidence.

12. Mr. Finney was demonstrably aware that:

   a. Mr. West drove for Maverick Transportation, LLC under an undisputed independent contractor agreement. ECF 4, ¶11 and ECF 7, Answer to ¶ 11. ECF 31-1;

   b. Maverick facilitated the placement of property damage coverage for Mr. West, in accordance with his Independent Contractor Agreement. ECF, 21-1, at p. 29 of 42, Appendix p. 10 (referencing the ICP001136 line of policies); See also ECF 35;

   c. Mr. West was in a serious accident and made a claim as an insured on the ICP line of policies, specifically the ICP001126S policy, ECF 4, ¶ 25 and ECF 7, Answer to ¶ 26. ECF 4;

   d. Great West honored and paid that claim. ¶¶26-27 and ECF 7, Answers to ¶¶26-27;

   e. Mr. West is no longer an "independent contractor" to Maverick Transportation, LLC.  ECF 7, Counterclaim, ¶ 14 and ECF 13, at Answer to ¶ 14.  In truth Mr. West's coverage ended once his equipment was removed from the list on file with the Company, or once "the lease is cancelled or expires." ECF 4-1, at CA 12 03 05 22, p. 1 of 9;

   f. Mr. Finney filed a suit in Mr. West's name seeking a return of his premiums. See *West v. Great West Casualty Company*, in the Associate Circuit Court for the 21st Judicial Circuit, St. Louis County, Missouri, Case #23SL-AC-14270. **Exhibit 1;**

    g. Mr. Finney then proposed a settlement of the claim for return of premium on January 29, 2024, offering a dismissal with prejudice in return for an affidavit providing specific information about the bank that cashed the checks paid on account of Mr. West's claim. **Exhibit 2**, at ¶4 and at exhibits 1-2. Great West accepted that proposal on January 31, 2024. **Ex. 2**, ¶ 6, and at exhibits 4-5.

    h. Within days of proposing his settlement, Mr. Finney created the Plaintiff LLC, on February 2, 2024. This was two days before Mr. Finney filed the present suit.

    i. Mr. Finney then signed and filed a dismissal of West's claim for return of his premiums, with prejudice, on February 4, 2024. **Exhibit 3.**

13. Despite his knowledge of the above facts, Mr. Finney:

    a. Created the Plaintiff LLC *two days* before bringing the present suit, knowing that it had no prior business activities.

    b. Filed the present suit against GWCC on the *same day* as he filed the dismissal, with prejudice, of Case #23SL-AC-14270. ECF 1-1.[1]

    c. Demanded a return of all premiums, including those paid by Mr. West. ECF 7-3. This was on February 5, 2024 – a *single day* after Mr. Finney filed the dismissal of Mr. West's claim for return of premiums, with prejudice.

    d. Mr. Finney continued his demands for control of other truckers' policies and returns of their premiums after the action was removed to this Court, by explicitly stating "it's too bad for anyone who paid premiums for that policy." **Ex. 4-A** at p. 2. At this point – as of March 7, 2024 – Mr. Finney was aware his demand would impact active truckers yet he maintained "those [active policies] need to be cancelled right away." *Id.*

    e. Asserted that his newly created LLC was entitled to millions of dollars in damages, without explanation, and also asserted that his newly created LLC could cancel other people's insurance coverage, demand "return" of their

---

[1] Mr. Finney's filing of the frivolous Petition in Missouri state court "is not directly subject to Rule 11," however there is "a continuing duty after removal to not maintain frivolous or non-meritorious claims." *Davis v. MCI Communs. Servs*, 421 F.Supp.2d 1178, 1182 (E.D. Mo. 2006). Rather than correct his pleadings, Mr. Finney filed a frivolous answer and brief regarding Great West's Motion for Judgment on the Pleadings. GWCC likely will address the pre-removal filings and actions in a separate motion brought under Missouri Rule 55.03. *Id.*, fn. 2 (citing *Griffen v. City of Oklahoma City*, 3 F.3d 336, 341 (10th Cir. 1993) (a "a federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal"); see also *Caranchini v. Nationstar Mortg., LLC*, 97 F.4th 1099, fn. 2 (8th Cir. 2024).

  premiums to itself, and bar GWCC from extending coverage to participating independent contractors to Maverick Transportation, LLC.  See ECF 7-2 through 7-4.

f. Even after signing his clients' Answer to the counterclaim for abuse of process, Mr. Finney has continued to send a barrage of e-mails, sometimes more than seven per day, demanding as much as $500,000,000 from Great West, and threatening to put Great West and its parent corporation out of business, and to put its counsel in jail.  See **Collective Exhibit 4.**

14. Mr. Finney's use of the Maverick trademark has been adjudicated as a violation of Maverick USA's trademark rights.  See *Maverick USA, Inc. v. Independent Contractors of Maverick Transportation LLC d/b/a Maverick Transportation LLC Ind. Cont.*, in the United States District Court for the Easter District of Arkansas, Central Division, Cause No. 4:24-cv-00115 (the "Trademark Suit"), at Doc. No. 22.

15. The Court in the Trademark Suit noted that the Plaintiff LLC "did not choose its name in a vacuum." *Id.*, at ¶ 19.  It also listed four suits between West and Maverick entities in support of the conclusion that the Plaintiff LLC [Defendant in the Trademark suit] "was aware of Maverick's prior rights in the MAVERICK Marks". *Id.* ¶ 20.

16. As a result of the adjudication in the trademark suit, the Plaintiff LLC is now permanently enjoined from "from using the name and mark MAVERICK TRANSPORTATION or any other trademark or trade name confusingly similar to the MAVERICK TRANSPORTATION Mark in any manner likely to injure Plaintiff's business reputation …" or from using that name in commerce in a way that is "likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant [here, the Plaintiff LLC] with Plaintiff [Maverick], or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiff".

17. It is clear that Mr. Finney, as counsel for the Plaintiff LLC, chose the name of the Plaintiff LLC in order to create confusion as to the affiliation of the Plaintiff LLC with Maverick USA's subsidiary, Maverick Transportation. He has argued, in Court, in correspondence and in briefing to this Court that the Court should void the ICP line of policies that Maverick facilitates for its independent contractors. Even in his Response to the Rule to Show Cause, signed by Mr. Finney, he seeks to benefit from confusion as to the Plaintiff LLC's affiliation with Maverick, stating "The problem with an appearance is its inherent capacity for deception … There may be the appearance of an entity when there is no entity. 'Maverick Transportation LLC Ind Cont.' may appear to be 'Maverick Transportation, LLC' when it is a different company'. ECF 32, p. 2.

18. Mr. Finney is aware that the Plaintiff LLC is not and never was a party to the ICP line of policies. When directly faced with the allegation that the Plaintiff LLC "alleges and claims that it is the named insured under the Policy," ECF 7, Counterclaim ¶ 47, and Count IV ¶2, he signed an Answer that denied that allegation. ECF 13, Answer to ¶ 47 & Count IV, ¶ 52 ("IMCT denies the allegations in paragraph 47").

19. Mr. Finney knows that Mr. West is a former insured on the ICP line of policies, as he asked Maverick to obtain and facilitate that coverage, and as he filed a claim under the ICP "S" policy, which was paid. Having benefitted from the existence of the policy, he had no proper purpose to seek to disrupt the existence of coverage of others. He nonetheless filed a suit seeking return of his premiums, then reached a settlement to dismiss that claim with prejudice in return for an affidavit. **Ex. 2** at exhibit 6 (acknowledging that Mr. Worker was "correct" in describing the terms of the agreement); **Ex. 3**. Mr. Finney is plainly aware of the import of settlement to the administration of civil suits and is also familiar with the principals of estoppel which apply to bar Mr. West's duplicative claims filed in this Court against Great West, with prejudice.

20. Mr. Finney is also, plainly, aware of the line of cases establishing that only a party to a contract has standing to seek to void that contract. That case law is detailed in Great West Casualty Company's briefing on its motion for judgment on the pleadings. In brief, only a party to a contract has standing to argue that it is invalid. *Ruff v. Bequette Constr.*, 662 S.W.3d 90, 99–100 (Mo. Ct. App. 2023), *transfer denied* (Apr. 4, 2023); *St. Paul Fire & Marine Ins. Co. v. Med. Protective Co. of Fort Wayne, Ind.*, 675 S.W.2d 665, 666 (Mo. Ct. App. 1984).

21. Likewise, had Mr. Finney conducted a reasonable evaluation of the legal environment of insurance, he would realize that it is common for insurers and insureds to use descriptions of the named insureds or other insureds in their policies. An "insurer may contract with its insured upon whatever terms the parties may agree upon that are not contrary to statute or public policy." *Castaneda v. Progressive Classic Ins. Co.*, 83 Ark. App. 267, 273, 125 S.W.3d 835, 838 (2003), aff'd, 357 Ark. 345, 166 S.W.3d 556 (2004). There are many examples of named insureds who are described but not 'named' in reported case law and in authoritative texts on insurance. These legal authorities have been provided to Mr. Finney, together with a copy of the pertinent policy, since before he filed the instant suit. He also could have reviewed case law recognizing other Great West policies issued to independent contractors and covering independent contractor commercial autos that are listed 'on file with us'.

22. Mr. Finney has never offered a legal theory or legal authority on which a commercial insurer and its insureds may not issue a policy or policies describing the insureds and their covered autos, while explicitly referring to a separate list, on file with the company, for the sake of clarity.

23. The unwarranted claims at issue here are harassing and abusive. Mr. Finney has never offered any coherent argument as to how a newly created LLC has standing to upset the

insurance of others. His use of a confusing name that violates the Maverick trademark had no legitimate business purpose. His correspondence is of a piece with his pleadings – and is evidence of the intent to harass and needlessly multiply the costs of frivolous litigation.

24. Great West respectfully submits that its legal fees costs in direct litigation with Mr. West are substantial – as it is necessary for counsel to sift through a near daily barrage of e-mails and attached documents, many of which contain accusations of wrongdoing or demands for damages explicitly designed to bankrupt defendant. Great West seeks leave to submit its legal costs, *in camera*, in further support of this Rule 11 motion.

WHEREFORE, Defendant GREAT WEST CASUALTY COMPANY, pleading in the alternative to its First Affirmative Defense, respectfully requests that this Court enter Rule 11 sanctions against Mr. Finney, in the amount of its legal fees and costs to respond to his suits, and further dismiss the claims of Plaintiffs, with prejudice, as they are not warranted in law or in fact.

Respectfully submitted,

**GREAT WEST CASUALTY COMPANY**

By: */s/ Danny L. Worker*
     Danny L. Worker

Danny L. Worker
Michael J. Roman
Matthew Schuh
CLYDE & CO US LLP
30 S. Wacker Dr., Ste. 2600
Chicago, Illinois 60606
Ph: (312) 635-7000
dan.worker@clydeco.us
michael.roman@clydeco.us
matthew.schuh@clydeco.us

Attorneys for Great West Casualty Company

133603422.1    9

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies under penalty of perjury that on July 3, 2024 the foregoing Motion of Great West Casualty Company's Rule 11 Sanctions Against Plaintiffs' Counsel was filed using the Court's CM/ECF system, and that file-stamped copies of the same will be served upon counsel for Plaintiffs, via electronic mail, at the addresses listed below.

Daniel P. Finney
DAN FINNEY LAW
1310 Papin Ave., Ste. 510
St. Louis, Missouri 63103
dan@danfinney.law

    /s/ Danny L. Worker