IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Independent Contractors of Maverick Transportation, LLC, et al. | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | No. 4:24-cv-00338-SEP |
| Great West Casualty Company | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM</u>**

COMES NOW Plaintiffs Independent Contractors of Maverick Transportation, LLC and Dorian West (collectively "**Plaintiffs**") by and through undersigned counsel, and submit the following for this honorable Court's reference:

1. Defendant Great West Casualty Company ("**Defendant**") and other insurers conspire with motor carriers to dump the motor carrier's risk onto subjugated truck drivers in violation of 18 USC §§ 1961-1968 and the 13th Amendment to the U.S. Constitution.

2. The risk management industry is a lot like the waste management industry because customers pay businesses in both industries to remove something unwanted. Customers of businesses in waste management pay those businesses to remove waste; customers of companies in risk management pay those companies to remove risk.

3. Some companies involved in risk management such as Defendant are indistinguishable as

a matter of law from the "families" formerly involved in waste management as criminal enterprises defined in 18 USC §§ 1961-1968 Racketeering-Influenced and Corrupt Organizations Act ("RICO").

4.   These companies violate RICO by deriving profit from returns on the investment of premiums collected in exchange for void terms of coverage, like those in ICP00136.[1]

5.   Defendant and other companies have been running criminal rackets in the interstate trucking industry for decades, syphoning billions of dollars from paychecks to truck drivers as premiums for meaningless and impossible terms of coverage in void policies known as "independent contractor policies" (ICPs) and "occupational accident policies" (Occ/acc).

6.   Motor carriers (i.e. trucking companies) deduct money from paychecks to operators such as Dorian West to pay insurance companies like Defendant to remove the motor carrier's risk of loss caused by damage to equipment.

7.   The insurance companies then dump that risk onto those operators by issuing "coverage" of the operators under phony policies naming no one as the first named insured in the policy declarations; meaning no one is covered under the policy; meaning no one has standing under the policy; meaning Defendant did not remove any risk in exchange for the money the operators were charged to facilitate that removal.

8.   Because the motor carriers collect money to facilitate the removal of their risk pursuant to "irredeemable tools of fraud" that are also agreements of indenture, the dumping of the carrier's risk onto the operators through the issuance of void policies is unconstitutional as well as a violation of RICO.

---

[1] Providing coverage = removing risk.  If an insurer issues a policy which is void because no name is identified as the first named insured in the policy declarations, as is the case with ICP00136, then the insurer never removed any risk in exchange for the premiums paid for coverage under that policy.

9.  Interstate commerce via commercial trucking is dangerous work, making it expensive to underwrite losses caused by damage to the trucks and injuries to those operating trucks.

10.  Defendant and many, if not all, insurance companies in the transportation industry solve this problem by colluding with trucking companies to dump risk on operators by charging them to facilitate coverage pursuant to phony policies known as "Independent Contractor Policies" (voided fleet insurance policies) with made-up names in the policy declarations, then depositing void checks made payable to those phony names into the operating account of the trucking company when claims are made.

11. The policy at issue in this case, ICP00136, like all ICPs is void ab initio, because the entity from which Defendant alleges to have removed risk as the first named insured in the policy declarations, did not exist until decades after Defendant alleged to have first removed the risk, and therefore the only party to enforce the terms of policy is Defendant; no one else has legal standing.

12. According to Defendant, neither Independent Contractors of Maverick Transportation, LLC d/b/a Maverick Transportation LLC, the first named insured in the policy declarations, nor Dorian West, a member of the first named insured who paid to facilitate the coverage, has standing under ICP00136 because the first named insured in the policy declarations and on the proceeds check is not a separate entity.

13. This would make both the policy void and the check fraudulent.  This would also make Defendant's assertion that it underwrote coverage of Dorian West pursuant to the terms of ICP in this case fraudulent. It also makes Defendant, Old Republic, and any insurance company that has ever collected a profit from the returns of the investment of premiums collected to underwrite coverage pursuant to an independent contractor policy such as ICP00136, a criminal enterprise

under RICO, liable for three times the losses to the businesses of any operator charged to facilitate coverage, plus attorney fees.

14. Most importantly, it means that Defendant fraudulently misrepresented to Dorian West that he was underwritten as the first named insured in ICP00136, and therefore he could not get the $18,000 of his that he was owed, and be sued for another $80,000 pursuant to the Maverick Leasing Agreement, if he did not agree to the destruction of the evidence proving he sustained tens of millions of dollars in economic and non-economic injuries because of defects in the truck owned by Maverick, Defendant's insured.  That's not going to work.  If Defendant wants Plaintiffs to go away, Defendant needs to come up with a lot of money to reimburse Dorian West for his damages or produce any terms of coverage facilitated with his money and certified to anyone.

Respectfully submitted,

DAN FINNEY LAW

*/s/ Daniel Finney III*

Daniel Finney III (MO Bar No. 57765)

1310 Papin Avenue, Ste 510
St. Louis, Missouri 63103
Phone: (314) 488-0309
Fax: (314) 228-2000
Email: dan@danfinney.law

ATTORNEY FOR
PLAINTIFFS/COUNTERCLAIM
DEFENDANTS