UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INDEPENDENT CONTRACTORS OF MAVERICK TRANSPORTATION, LLC, d/b/a *Maverick Transportation LLC Ind Cont.*, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT WEST CASUALTY COMPANY,<br><br>Defendant. | No. 4:24-CV-338 HEA |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court following hearing as to the appropriate sanctions to enter against Plaintiffs' counsel, Daniel P. Finney, III. In an Opinion, Memorandum and Order dated March 20, 2025, the Court granted Defendant's Motion for Sanctions and found Mr. Finney is subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent power. (ECF No. 111). In its order, the Court deferred ruling on the appropriate sanctions to enter against Mr. Finney until a hearing could be held.

A hearing was held in this matter on April 25, 2025, at which Mr. Finney and counsel for Defendant Great West Casualty Company ("GWCC") were given the opportunity to be heard. Prior to the hearing and at the Court's direction, GWCC filed evidence of the attorneys' fees and costs it has incurred in defending this suit. Mr.

Finney did not object to GWCC's attorneys' fees submission at either the hearing or on the written record. For the reasons that follow, the Court will require Mr. Finney to pay GWCC attorneys' fees and costs as sanctions in this case.

## *Discussion*

Over the years, the Court has encountered a number of instances of attorney misconduct, but Mr. Finney's misconduct in this case has been beyond the pale.[1] To start, Mr. Finney organized and registered a limited liability company ("LLC") – a company that did not exist until he created it – with the Missouri Secretary of State, and two days later, he filed the above-captioned cause of action alleging this newly created LLC was a named insured under an insurance policy issued by GWCC years prior.[2] The claim was improper and without legal or factual foundation, and when called upon to defend his actions, Mr. Finney did not withdraw the claim or provide any credible basis for making a claim against GWCC on behalf of a brand-new LLC of his own creation. Instead, in responses to show cause orders and GWCC's motion for sanctions, Mr. Finney was defiant and irreverent, and he made nonsensical arguments in defense of his decision to bring the claim.

---

[1]A more detail account of Mr. Finney's conduct in this case is contained in the Court's Opinion, Memorandum, and Order dated March 20, 2025. (ECF No. 111).

[2]The suit was originally filed in Missouri state court and was removed on March 5, 2024, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The case was assigned to the Honorable Sarah E. Pitlyk. On March 3, 2025, Judge Pitlyk entered an order recusing herself in the matter, and the case was reassigned to the undersigned.

On review of the record, it is the opinion of this Court that Mr. Finney brought this suit for the improper purpose of harassing GWCC and subjecting it to the punishing costs of contested litigation. In addition to filing claims that had no legal or factual basis, Mr. Finney filed a number of motions and response memoranda that did not address the legal issues at hand, but rather they contained, in addition to his wild theories of liability, rants against GWCC, insurance companies in general, and the trucking industry, as well as insults and accusations directed at the Court and opposing counsel. Behind the scenes, Mr. Finney sent defense counsel scores of emails, in which he accused the attorneys of misconduct and made outrageous settlement demands. In short, Mr. Finney's conduct in this case has been wholly outside the bounds of what is acceptable in our adversarial system.

In its Opinion, Memorandum, and Order dated March 20, 2024, the Court found the following with regard to Mr. Finney's conduct in this case: (1) no reasonable and competent attorney would believe in the merits of the claim brought on behalf of the newly created LLC; (2) Mr. Finney's persistence in litigating the newly created LLC's frivolous claim violated Rule 11(b)(2); (3) Mr. Finney pursued this lawsuit in bad faith and for an improper purpose, violating Rule 11(b)(1); (4) Mr. Finney has exhibited disrespect and a lack of integrity in filings with the Court, and his filings comprise a clear record of contumacious conduct; (5) Mr. Finney's pursuit of the meritless claim caused GWCC to incur significant attorneys' fees and costs; and (6) Mr. Finney has multiplied the proceedings in this case unreasonably and vexatiously. (ECF No. 11 at

3

24-25). The Court now is tasked with crafting an appropriate sanction for these violations.

"[T]he imposition of sanctions is a serious matter and should be approached with some circumspection." *Lupo v. R. Rowland & Co.*, 857 F.2d 482, 485 (8th Cir. 1988). Sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). When applying this standard, a "district court has discretion to impose non-monetary sanctions, but it is not required to do so." *Kirk Cap. Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994). Rule 11 provides that "if imposed on motion and warranted for effective deterrence," sanctions may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

Similarly, under Section 1927, an attorney who "unreasonably and vexatiously" multiples the proceedings may be required to pay "the excess costs, expenses, and attorneys' fees" that were incurred as a result of such conduct. 28 U.S.C. § 1927. And under the Court's inherent power, the Court has the discretion "to fashion an appropriate sanction for conduct which abuses the judicial process, including assessing attorney fees or dismissing the case." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018) (quotation omitted).

In its motion for sanctions, GWCC asks that the Court award attorneys' fees and costs, which in this case would be significant. But Mr. Finney's misconduct in this case

4

was egregious and willful, and the Court is of the opinion that unless there is a strong deterrent, Mr. Finney will continue to file frivolous suits with no factual or legal bases and engage in harassing and vexatious conduct. At the hearing, Mr. Finney admitted to being relentless, exhausting, and difficult, but he continued to defend his actions in this case. Even when faced with a ruling that he had violated Rule 11 and engaged in willful misconduct, Mr. Finney characterized his theory of liability as creative, and he would not admit that his conduct has been overtly unreasonable and contumacious. Therefore, it is the opinion of the Court that significant sanctions are warranted. The Court finds that the least severe sanction adequate to deter future conduct is repayment of attorneys' fees and costs.

A district court has wide discretion in determining the proper amount of reasonable attorneys' fees and costs to be awarded in a case where a party has been sanctioned, *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1094 (8th Cir. 2012), but under Rule 11, attorneys' fees and other expenses must be reasonable and directly related to the misconduct. Fed. R. Civ. P. 11(c)(4). GWCC claims ten attorneys spent 650.70 hours addressing issues raised by Mr. Finney, which amounts to $209,697.00 in attorneys' fees. GWCC supported the amount it is requesting with affidavits, the attorneys' resumes, and billing records, which included descriptions of the work performed, the number of the hours worked, and the billing rates of GWCC's attorneys.

5

When evaluating whether a fee request is reasonable, courts will begin with the lodestar, "which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 93 F.4th 408, 420 (8th Cir. 2024) (quotation omitted). With regard to the billing rates, in recent years, courts in this District have found rates of $250-$575 an hour for attorneys in the St. Louis market to be reasonable. *See, e.g., Hartman v. Lincoln Nat'l Life Ins. Co.*, No. 4:20 CV 579 MTS, 2022 WL 103313, at *3 (E.D. Mo. Jan. 11, 2022) (awarding fees at $300 an hour); *Willson v. City of Bel-Nor, Missouri*, No. 4:18-CV-003 RLW, 2021 WL 2255003, at *6 (E.D. Mo. June 3, 2021) (approving hourly rates between $250 and $410 an hour); *Fernandez v. St. Louis Cnty., Missouri*, 538 F. Supp. 3d 888, 892 (E.D. Mo. 2021) (approving hourly rates of $575 and $475 per hour). This Court finds the rates for GWCC's attorneys, which ranged from $285 to $385 an hour, to be reasonable and within the prevailing market rates here in this District. *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) ("When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates."). The Court will award GWCC fees at the hourly rates its attorneys billed.

As for the hours expended, the Court finds a number of hours must be subtracted because some of the entries on GWCC billing statements are not directly related to the misconduct for which Mr. Finney is being sanctioned. Despite being directed to file evidence with the Court of the fees it incurred in defending the present suit, GWCC included in its calculation $60,079.50 in attorneys' fees for hours that were spent

6

working on *Dorian West v. Great West Casualty Company*, 23SL-AC14270, a different case that was pending in the Circuit Court of St. Louis County and later settled. As this amount did not result from Mr. Finney's misconduct in this case, it will be subtracted from the sanctions award. For the same reason, the Court will also subtract attorneys' fees related to other subsequent suits filed by Mr. Finney in state court, GWCC's counterclaims, the bar complaint GWCC's attorneys filed against Mr. Finney, work that was done in contemplation of a defamation suit against Mr. Finney, and work related to an individual who never joined as a plaintiff in this suit. The Court calculates this amount to be $25,475.50, which will be subtracted from the sanctions award. The Court will further discount GWCC's attorneys' fees by 30 percent based on the fact that some of the billing entries were vague, duplicative, or did not sufficiently describe the work that was done, and because the Count finds the case was overstaffed with work being done by ten attorneys. With the subtractions and discount, the Court finds GWCC is entitled to $86,899.75 in attorneys' fees as a result of Mr. Finney's abusive, bad faith, and intentional misconduct in this case. GWCC also provided sufficient documentation for $1,446.75 in allowable costs that were related to Mr. Finney's violations and will be added to the fee award for a total award of $88,346.50.

    The Court acknowledges this is a substantial award of monetary sanctions against Mr. Finney, but his misconduct in this case has been shocking and egregious. Mr. Finney made no argument as to his ability to pay, and the Court finds, based on the facts

and circumstances of this case, that this amount is sufficient but not excessive to deter sanctionable conduct in the future.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent power, the sum of Eighty-Eight Thousand Three Hundred and Forty-Six Dollars and Fifty Cents ($88,346.50) in attorneys' fees and costs is awarded to Defendant Great West Casualty Company and against Plaintiffs' counsel, Daniel P. Finney, III, such amount to be paid on or before **August 14, 2025**.

Dated this 16th day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

8