**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

INDEPENDENT CONTRACTORS )
OF MAVERICK TRANSPORTATION, )
LLC, d/b/a Maverick Transportation )
LLC Ind Cont., *et al.,* )
)
    Plaintiffs/Counter Defendants, )
)    No. 4:24-CV-338 HEA
  v. )
)
GREAT WEST CASUALTY )
COMPANY, )
)
    Defendant/Counter Claimant. )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court following a show cause hearing. In an Opinion, Memorandum and Order dated May 16, 2025, the Court ordered attorney Daniel P. Finney, III, to pay Defendant Great West Casualty Company ("Great West") the sum of $88,346.50 in attorneys' fees and costs on or before August 14, 2025. On September 22, 2025, Great West notified the Court that Mr. Finney had not paid any amount of the monetary sanctions entered against him, and on October 10, 2025, it moved that the Court hold Mr. Finney in contempt.

The Court ordered Mr. Finney to show cause why he should not be held in contempt of Court. A show cause hearing was held on October 31, 2025, at which Mr. Finney appeared with counsel. Mr. Finney did not dispute the validity of the Court's May 16, 2025 Opinion, Memorandum and Order or the entry of sanctions.

(ECF No. 203 at 4) ("Mr. Finney acknowledges the Court's Order is valid, it is on point, and it is something that is to be followed.") Instead, Mr. Finney asserted that he has a present inability to pay $88,346.50.  Mr. Finney's counsel suggested that Mr. Finney could pay the amount of the sanctions in installment payments over time – a suggestion that Great West did not oppose out of hand.

"[I]t is firmly established that the power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 504 (8th Cir. 2000).

"The party moving for contempt sanctions bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence." *Id.* "That burden is met if the party is able to demonstrate: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *HM Compounding Servs., Inc. v. Express Scripts, Inc.*, No. 4:14-CV-1858 JAR, 2015 WL 4162762, at *18 (E.D. Mo. July 9, 2015) (quoted case omitted).  "A contempt order must be based on a party's failure to comply with a 'clear and specific' underlying order." *Id.* (quoting *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006)).

Once the moving party's burden is met, the burden shifts to the other party to show an inability to comply with the court's order. *Chicago Truck Drivers*, 207 F.3d at 504 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).  "[A]lleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced; and (3) that they made in good faith all reasonable efforts to comply."  *Id.* at 506 (internal punctuation and citations omitted).  "If the acts done are clearly in contravention of the court's decree, the intention is of no consequence.  The absence of willfulness does not relieve an individual from civil contempt[.]"  *N.L.R.B. v. Ralph Printing & Lithographing Co.*, 433 F.2d 1058, 1062 (8th Cir. 1970).

Great West has met its burden.  It is undisputed that Mr. Finney has failed to comply with the Court's May 16, 2025 Opinion, Memorandum and Order.  Mr. Finney has not paid any amount to Great West toward the award of $88,346.50 in sanctions.

The burden now shifts to Mr. Finney to show an inability to comply with the Court's May 16, 2025 Opinion, Memorandum and Order.  At the hearing, Mr. Finney asserted that he is unable to pay for financial reasons, however, he submitted no evidence in support of this assertion.  The Court did allow Mr. Finney to

3

supplement the record, and following the hearing, he filed two financial records under seal in an attempt to demonstrate his inability to pay.

Mr. Finney filed a document showing "Profit and Loss Comparison" from January through December 2024, for Dan 3 Finney Law, LLC, and a signed IRS Form 8879 – which is an e-file Signature Authorization – for the tax year ending December 31, 2024, for himself and his wife.  He provided no other financial records, such as bank statements, tax returns, balance sheets, income statements, asset registers, outstanding invoices or bills, loan documents, or investment statements. Notably, Mr. Finney did not even submit an affidavit or declaration in support of his assertion that he is unable to pay the amount the Court awarded Great West.

In light of the very limited record before it, the Court is unable to evaluate Mr. Finney's financial situation, let alone make a finding that he is unable to pay $88,346.50.  In short, Mr. Finney has failed to establish "categorically and in detail" why he is unable to comply with the Court's May 16, 2025 Opinion, Memorandum and Order.  *Chicago Truck Drivers*, 207 F.3d at 504.  In addition, as he has failed to pay even one cent toward the sanctions award, the Court finds that Mr. Finney has not made in good faith all reasonable efforts to comply.  Mr. Finney has made no effort to comply with the Court's May 16, 2025 Opinion, Memorandum and Order whatsoever.

That said, being intimately familiar with the events and circumstances surrounding this case, the Court will hold in abeyance a finding that Mr. Finney is in contempt.  Great West was not opposed to Mr. Finney's suggestion of paying the award of sanctions in installments.  At the hearing, Mr. Finney's counsel suggested payments of $1,000.00 a month, but it would take Mr. Finney more than 88 months to pay off the amount owed if he paid in $1,000.00 monthly installments.  The Court has no intention of monitoring Mr. Finney's payments for seven years. The Court believes that payment over 22 months is more appropriate. Therefore, in the interest of justice, the Court will modify the Court's Opinion, Memorandum and Order dated May 16, 2025, to allow Mr. Finney to pay the award of sanctions in the amount of $88,346.50 in monthly installment of $4,000.00.  Mr. Finney is warned that if he fails to make monthly payments as ordered, he is subject to a finding of contempt, which may result in him being incarcerated until he pays the award of sanctions in full.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Great West Casualty Company's Motion to Hold Daniel P. Finney, III in contempt of Court is held in **ABEYANCE.**

**IT IS FURTHER ORDERED** that the Court Opinion, Memorandum and Order dated May 16, 2025, is modified as follows:

5

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent power, the sum of Eighty-Eight Thousand Three Hundred and Forty-Six Dollars and Fifty Cents ($88,346.50) in attorneys' fees and costs is awarded to Defendant Great West Casualty Company and against Plaintiffs' counsel, Daniel P. Finney, III.  This amount shall be paid in twenty-two (22) consecutive monthly installments paid to Great West Casualty Company. The first payment of $4,000.00 is due on **April 6, 2026**, with subsequent payments of $4,000.00 due on the sixth day of each consecutive month thereafter until Daniel P. Finney, III pays the total amount in full, with the last payment being paid in the amount of $4,346.50.  If Daniel P. Finney, III fails to make a payment as ordered, Great West Casualty Company shall file written notice with the Court.  **Daniel P. Finney, III's failure to make payments as ordered may result in a finding that he is in contempt of Court, and he may be subject to incarceration until he pays the award of sanctions in full.**

Dated this 6th day of March, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE