IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Independent Contractors of Maverick Transportation, LLC, et al. | ) | |
| | ) | |
| Plaintiffs/counter defendants, | ) | |
| v. | ) | |
| | ) | No. 4:24-cv-00338-HEA |
| Great West Casualty Company | ) | |
| | ) | |
| Defendant/counter plaintiff. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH**

COMES NOW, counter defendant Dorian West, pro se, and in support of his motion to quash the subpoena of Dorian West for deposition, states as follows:

1. Fed. R. Civ. P. 45 (d)(1) and (d)(3)(A)(iv) state the following:

RULE 45. Subpoena

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an

appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(iv) subjects a person to undue burden.

2. Counterclaimant Great West Causalty Company ("**GWCC**") served Dorian West with a notice to take his deposition in this matter. *See* Ex. A-Notice of Depo.

3. This honorable Court has already published an opinion in this case holding:

> "The majority of undisputed facts (which GWCC) offered in support of the abuse of process (counter)claims appear to be attributable to Mr. Finney's conduct, not that of (Dorian West)."
> *See* Doc. No. 111 at 38.

> "On review of the record, it is the opinion of this Court that Mr. Finney brought this suit for the improper purpose of harassing GWCC and subjecting it to the punishing costs of contested litigation."
> *See* Doc. No. 132 at 3.

> "The Court also finds that Mr. Finney brought this lawsuit for an improper purpose.

> "Mr. Finney has pursued this lawsuit in bad faith and for an improper purpose...
>
> "The pursuit of this…lawsuit has caused (GWCC) to incur significant attorneys' fees and costs."
>
> *See* Doc. No. 111 at 38, 22, 24.

4. The Court has already decided all the facts at issue in favor of GWCC on its sole remaining claim. There is no good faith reason or proper purpose to subpoena Dorian West to give a deposition in preparation for a jury trial seeking damages already awarded by the honorable Court, which have already been paid pursuant to a motion filed by GWCC.

WHEREFORE, so that Dorian West can avoid undue burden and expenditure of time and money on claims which the Court has already decided in favor of GWCC, Dorian West moves this honorable Court quash the subpoena of Dorian West for deposition related to GWCC's claims in this cause, and for any other relief deemed proper and just.

Dated: September 1, 2026

Respectfully submitted,

**DORIAN WEST**

5829 Cedar Hill Dr. Apt P

Saint Louis, MO 63128
(314) 333-2313
Dorianwest85@gmail.com
PRO SE